IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIO LUCERO,

      Plaintiff,

vs.                                                                                              No. CV 17-01043 RB/CG

MEDICAL STAFF AT C.M.R.U.,
B. SMITH L.P.N., NURSE VERGE,
LAURIA ST. JACQUES H-S-A,
CENTURION MEDICAL SERVICES,
and TIFFANY PERALTA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the amended Complaint (Tort) ("Amended Complaint") filed November 27, 2017, by Plaintiff, Patricio Lucero. (Doc. 6.) The Court determines that the allegations of Plaintiff Lucero's Amended Complaint fail to state a claim for relief under 42 U.S.C. § 1983, the Court declines to exercise supplemental jurisdiction over any state law claims, and the Court will dismiss Lucero's Amended Complaint without prejudice to the state court action.

### Factual and Procedural Background

Plaintiff Lucero filed this civil action as a Notice of Claim under the New Mexico Tort Claims Act on October 16, 2017, alleging issues relating to his medical care. (Doc. 1.) Liberally construing his filing as raising civil rights claims under 42 U.S.C. § 1983, the Court ordered him to remedy defects in his original filing and sent him a § 1983 complaint form. (Doc. 4.) Plaintiff filed his Amended Complaint on November 27, 2017. (Doc. 6.) However, instead of using the § 1983 form provided by the Court, Lucero filed a combined New Mexico state court form

1

complaint under the New Mexico Tort Claims Act, N.M. Stat. Ann. Chapter 41, and portions of the § 1983 form. (*See id.*)

In his Amended Complaint, Lucero states that the nature of his action is "Negligence and Falsifying Medical records." (*Id.* at 1.) He also asserts that the federal constitutional or statutory rights he claims have been violated are "Prison Litigation Reform Act Constitutional Amendment 8 Article #5 Article #8 Article #25." (*Id.* at 4–5.) Lucero names as Defendants "B. Smith L.P.N. (Nurse Verge, Laurie St Jacques H-S-A Centurion Medical Services." (*Id.* at 1.) He also identifies Tiffany Peralta as a Defendant in the body of his Amended Complaint. (*Id.* at 3.)

In support of his claims, Plaintiff Lucero alleges[1]:

> Dec. 2016-July-2017 and ongoing (Patricio Lucero #65913) this prisoner has a neurological disorder that manifst itself by uncontrolable seizure, and the whole body shaking for hours at this Facility. The Nursing staff, even though it's mandated by law do not follow the Mars sheet, the documentation that list all medications, that have been prescribed by a licensed provider. Because this disorder causes other conditions (stomach problems, gastrointestinal decomfort) and requires a great deal of treatment, the Nurses, not all of them, but to name a few, (Verge Linsey, Nurse Ms Di (that's what this person goes by) N.P. Tiffany Peralta), with held treatment which includes incorrect medications, shorting the prescribed amount (which causes shaking Episodes) passing on fictitious facts to other nurses which creates the appearance of this prisoner being a malinger.

(*Id.* at 2);

> I, Patricio Lucero, Inmate was given the wrong medication by Nurses more than once since I have been here at CMRU my problem has gotten worse. Nurse B. Smith & other Nurses have falsified my medical records, to show they gave me my Meds when they had not giving them to me. My Eight Amendment of the Constitution has been violated.

(*Id.* at 6);

> This steams all the way back to 12-20-2016 and it has gone on almost a year. Nurse Verge was one of the first Nurse that would give me my Meds. It was like she would give me the wrong meds to see what would happen to me. . . . The Nurse would give me the wrong meds & at times I go in to these shaking spells, at times they'll last up to 4 hours. At times (Tiffany Peralta) previous provider,

---

[1] All spelling and grammatical errors are original to the Amended Complaint.

> insisted that I only received my Meds twice a day instead of three times a day as I had been for quite a while. This change in my Med time, also had a change in my seizures. I would be fine one minute and the next I would go to shaking real bad. I followed CO police 032201. Nurse Verge also made the commit about my Meds it was like a Box of chocolates, you never know what you'll get. . . . I have blacked out and fallen more than once a week. I now have a fractured hand due to my falls. And blacking out from my Meds being tampered with and recieving the wrong Meds. . . . I would like Millions of Dollars. If it would stop the pain and suffering I go Humiliation they have put me through. All of the arguing the Nurses would do just to keep from doing the job the Doctor told them to do. Yes I want Millions of Dollars.

(*Id.* at 7).

### **Pending Motions**

Plaintiff Lucero has filed two requests for appointment of counsel. (Docs. 2; 12.) There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint, amended complaint, and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the request for appointment of counsel via letter (Doc. 2) and the Motion for Counsel (Doc. 12).

Plaintiff Lucero also filed a Motion for Extension of Time to File and Affidavit for Leave and the Proper Complaint Form. (Doc. 5.) The Motion was filed in response to the Court's Order to Cure Deficiency, directing him to file a complaint in proper form. (Doc. 4.) In his Motion,

Lucero sought an extension of 15 days to file an amended complaint. At the time his Motion was filed, Lucero was permitted to amend his complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1). Lucero subsequently filed his Amended Complaint, which was timely for purposes of the Court's Order to Cure Deficiency and permitted as a matter of right under Rule 15(a)(1). The Court will dismiss Lucero's Motion for Extension of Time as unnecessary and moot.

Last, Lucero has filed a Motion for Restraining Order and Immediate Medical Treatment (Non-Centurian). (Doc. 8.) In his Motion, Lucero asks for "an order restraining the Defendants from attempting to apply arbitrion acts of punishment through false claims or any unsubstantiated allegations." (*Id.* at 1.) He also asks the Court to order immediate medical treatment by a medical provider that is not a party to the action and has no contractual relationship with the Department of Corrections. (*Id.*)

Rule 65(b) of the Federal Rules of Civil Procedure addresses the requirements for a restraining order. Rule 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits:

4

and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Plaintiff is proceeding pro se in this matter, and the Court must liberally construe his filings. *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the Court may not assume the role of advocate for the pro se party and need not accept unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A restraining order is an extraordinary remedy and, therefore, a movant's right to relief must be clear and unequivocal. *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Social & Rehab. Servs.,* 31 F.3d 1536, 1543 (10th Cir. 1994).

For issuance of a restraining order, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint. Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's current request for a restraining order is not sworn or supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A). Absent a clear and unequivocal factual showing that Plaintiff will suffer immediate and irreparable injury, Plaintiff's motion is insufficient to support issuance of a restraining order by the Court. *Lundgrin*, 619 F.2d at 63; *Kan. Health Care Ass'n*, 31 F.3d at 1543.

### **Plaintiff Lucero's Amended Complaint Fails to State a § 1983 Claim**

Plaintiff Lucero is proceeding pro se and *in forma pauperis*. The Court may dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). For purposes of Fed. R. Civ. P. 12(b)(6) analysis, the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir.

1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall*, 935 F.2d at 1109 (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

The Court may also dismiss the complaint under § 1915(e)(2)(B) if the Court concludes the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The Court may pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Instead, the Court may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

Again, the Court will liberally construe the factual allegations in Plaintiff's pro se complaint. *See Northington*, 973 F.2d at 1520–21. The Court is not obligated to craft legal theories for the plaintiff, supply factual allegations to support the plaintiff's claims, or assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Plaintiff Lucero alleges deprivation of adequate medical care. His claim proceeds as a civil rights claim under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 is the means through which a

6

plaintiff may seek redress for deprivations of rights established in the Constitution). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The right of a prisoner to adequate medical care is protected under the prohibition against cruel and unusual punishments in the Eighth Amendment. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment, however, only encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104–05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation marks and citation omitted). The question is not limited to whether the inmate's current symptoms render a medical need sufficiently serious, but also extends to whether the potential risk of harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The Court will treat Lucero's allegations of a neurological disorder as a serious medical need for purposes of the objective component of the Eighth Amendment analysis. (Doc. 6 at 2.)

The subjective component requires that the named defendant have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. The plaintiff must establish that the defendant knew the plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal quotation marks and citation). The question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). Prison officials violate the Eighth Amendment only when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical violation of rights under the Eighth Amendment. *See Estelle*, 429 U.S. at 105–06. Nor does a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives support a claim of cruel and unusual punishment. *See, e. g.*, *Smart v. Villar*, 547 F.2d 112, 114

8

(10th Cir. 1976); *Self*, 439 F.3d at 1231; *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

Applying the § 1915(e)(2)(B) standard, the record in this case fails to establish the second, subjective component of an Eighth Amendment claim. The Amended Complaint and attachments to the Complaint do not show deliberate indifference to Lucero's medical needs by the medical staff. Instead, the record shows that Lucero believes he is being given the wrong medications and that the nursing staff is somehow falsifying his medication records. (Doc. 6 at 2, 7.) The nursing staff states that he is being given the proper medications and, that if he is concerned about different side effects, he should discuss his concerns with the prison doctor. (*Id.* at 16, 18.) Lucero responds that the nursing staff is not qualified to make statements regarding the medications and declines to resolve the matter by seeing the doctor. (*Id.* at 18.)

The Amended Complaint and attachments do not establish deliberate indifference on the part of any defendant. *Martinez*, 563 F.3d at 1089. Instead, the record reflects a disagreement between Lucero and his medical providers over his medical treatment. *Smart*, 547 F.2d at 114. The allegations of the Complaint do not state a plausible Eighth Amendment claim and the Court will dismiss any federal claims under § 1915(e)(2)(B). *Twombly*, 550 U.S. at 570; *Thompson*, 289 F.3d at 1222; *Taylor*, 410 F. App'x at 79.

### The Court Declines To Exercise Supplemental Jurisdiction Over Lucero's State Law Claims

Plaintiff Lucero states that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1, *et seq.* (1978). (Doc. 6 at 1.) Lucero alleges claims of "negligence and falsifying medical records." (*Id.*) Lucero's claims may be construed as state-law medical

negligence and tort claims. See, e.g., UJI 13–1102 NMRA; *Richter v. Presbyterian Healthcare Servs.*, 326 P.3d 50, 64 (N.M. Ct. App. 2014).

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The United States Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent Lucero alleges medical negligence or tort claims under New Mexico law, the Court will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and will dismiss those claims without prejudice to filing of a state court action by Lucero. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

**IT IS ORDERED:**

(1) Plaintiff's letter request for appointment of counsel (Doc. 2), Motion for Counsel (Doc. 12), and Motion for Restraining Order and Immediate Medical Treatment (Non-Centurian) (Doc. 8) are **DENIED**;

(2) Plaintiff's Motion for Extension of Time to File and Affidavit for Leave and the Proper Complaint Form (Doc. 5) is **DISMISSED**;

(3) the amended Complaint (Tort) filed November 27, 2017, (Doc. 6) and all federal claims and causes of action under 42 U.S.C. § 1983 are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted; and

(2) any state law claims are **DISMISSED** under 28 U.S.C. § 1367 without prejudice to filing of a proceeding in state court by Plaintiff.

_____
ROBERT C. BRACK
SENIOR UNITED STATES DISTRICT JUDGE